# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-03373-SRB |
| ) | |
| SOUTHWESTERN BELL TELEPHONE ) | |
| COMPANY, d/b/a AT&T, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Southwestern Bell Telephone Company's ("SWB") Motion to Dismiss Counts I and IV Through XII of Amended Complaint. (Doc. #12.) For the reasons stated below, the motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff Jeffrey Lewis ("Plaintiff") originally filed suit in Missouri state court against his former employer, SWB. Plaintiff alleges SWB unlawfully discriminated and retaliated against him in violation of both state and federal law. SWB removed the case to federal court based on federal question jurisdiction and moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff subsequently filed an amended complaint (Doc. #8) as a matter of course, mooting SWB's pending motion to dismiss. SWB, by the instant motion, now moves to dismiss a portion of the claims asserted in Plaintiff's amended complaint.

As alleged in the amended complaint, SWB hired Plaintiff, an African-American male, in October 2018. Plaintiff states he suffers from a "MRSA disability and illness" and related flare-

ups which require him to take medication.[1]  (Doc. #8, ¶ 9.)  Plaintiff further states that when he experiences MRSA-related flare-ups and takes medication to treat those flare-ups, "he becomes so ill he often times has to stop what he is doing, including work tasks, and lay down for periods of time" and "make more frequent trips to the bathroom—more often than normal and more often than other employees."  (Doc. #8, ¶ 11.)  Plaintiff disclosed this information to some of his supervisors during his initial twelve-week training period, specifically that he takes medication which "causes him to become extremely ill" and that due to the medication and illness, he "may need to step away from his desk or go to the bathroom."  (Doc. #8, ¶ 10.)  Plaintiff alleges that in anticipation of his MRSA-related flare-ups and its attendant symptoms, he "request[ed] extra breaks and bathroom breaks, if needed, as job accommodations."  (Doc. #8, ¶ 13.)

Plaintiff learned on April 26, 2019, that his supervisors disclosed his health condition to a non-supervisor co-worker without Plaintiff's knowledge or consent.  Plaintiff contends that the disclosure negatively impacted his work environment in significant ways.  Plaintiff eventually reported the disclosure, as well as its negative impact on his work environment, in June 2019 and filed a union grievance.  Plaintiff additionally reported that he believed the disclosure of his private health information was racially motivated.  After reporting the disclosure, Plaintiff began to receive poor work performance ratings despite meeting his monthly sales goals.  Plaintiff also alleges SWB began to assign him more difficult, lower-quality work assignments that interfered with his ability to meet his monthly sales goals.

In August 2019, Plaintiff informed his supervisor that he planned to take paternity leave following the upcoming birth of his child.  That same month, Plaintiff filed an additional union

---

[1] Methicillin-resistant *Staphylococcus aureus*, more commonly known as "MRSA," is an antibiotic-resistant bacterial strain that can cause severe infections in humans.  *See generally* CTRS. FOR DISEASE CONTROL & PREV., *General Information: Methicillin-resistant Staphyloccoccus aureus*, https://www.cdc.gov/mrsa/community/index.html (last visited Jan. 19, 2021).

grievance related to SWB's investigation into the unauthorized disclosure of his private health information and his complaints of racially-motivated discrimination. When Plaintiff inquired with a supervisor about whether Plaintiff could appeal the results of the prior investigation, his supervisor "tried to talk Plaintiff out of appealing or questioning the investigation." (Doc. #8, ¶ 43.) In September 2019, Plaintiff complained to the same supervisor about the poor quality of his work assignments, and the supervisor informed him that employees with higher historical sales goal percentages received "better quality calls." (Doc. #8, ¶ 47.)

Upon learning of Plaintiff's conversation with a coworker where he expressed interest in resigning from his job, Plaintiff's supervisor initiated a meeting with Plaintiff and advised him that he could either "resign in good standing," which would make him eligible for rehiring at a later time, or he could continue working and risk being "terminated at any time," which would make him ineligible for rehiring. (Doc. #8, ¶¶ 58–59.) She additionally advised Plaintiff that he would likely be terminated once the previous month's performance statistics were finalized and submitted. Consequently, Plaintiff contends that he was constructively discharged by SWB for unlawful and retaliatory reasons related to his disability, his race, and his exercise of his rights under both state and federal law.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). A court must consider all facts alleged in the complaint as true when considering a motion to dismiss. *Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). A court must "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

### III. DISCUSSION

Plaintiff's amended complaint asserts the following claims: Count I: Disability and/or Perceived Disability Discrimination, Count II: Racial Discrimination, and Count III: Retaliation, each in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*; Count IV: Race Discrimination and Count V: Retaliation, both in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*; Count VI: Discrimination, Count VII: Failure to Accommodate, Count VIII: Disclosure of Health Information, and Count IX: Retaliation, each in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and lastly, Count X: Interference, Count XI: Discrimination, and Count XII: Retaliation, each in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* SWB seeks dismissal of Plaintiff's disability-based claims (Counts I, VI–IX) and FMLA claims (Counts X–XII). Each argument is addressed in turn below.

#### A. Plaintiff's Disability-Based Claims: Counts I, VI–IX

SWB contends all of Plaintiff's disability-based claims should be dismissed because he fails to plead facts showing he has a cognizable disability under either the MHRA or the ADA.

SWB additionally argues the facts supporting Plaintiff's failure to accommodate, retaliation, and disclosure claims are insufficient. Plaintiff disagrees, stating he has done enough at this stage to survive dismissal.

### 1. Plaintiff's Alleged Disability

As a threshold issue, a party alleging disability-based discrimination or retaliation in violation of the MHRC or ADA must plead facts establishing the existence of a disability. *See Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1019 (8th Cir. 2019) (disability discrimination claims arising under the MHRA require the plaintiff to adequately plead that he is disabled); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 923 (8th Cir. 2018) (a prima facie case of disability-based discrimination or retaliation under the ADA requires a plaintiff to plead facts showing he is disabled). The MHRA and ADA define disability, in part, as "a physical or mental impairment which substantially limits one or more of a person's major life activities," including "being regarded as having such an impairment[.]" Mo. Rev. Stat. § 213.010(5); *see also Heuton*, 930 F.3d at 1019; *accord* 42 U.S.C. § 12102(1)(A); *Moses*, 894 F.3d at 923.

SWB argues Plaintiff's allegation that he has an "MRSA disability" or a "perceived disability" is legally insufficient and conclusory, contending Plaintiff fails to identify the major life activity which is limited by his disability or how that life activity is limited. (Doc. #13, p. 3.) The Court disagrees. Plaintiff specifically alleges he suffers from MRSA, experiences flare-ups as a result of MRSA, and that he must take medication to treat those flare ups. Plaintiff further alleges the medication he must take to treat his condition can make him "extremely ill"—so ill, in fact, that he often has to "stop what he is doing, including work tasks," "lay down for period of time," and make more "frequent trips to the bathroom" compared to other employees. (Doc. #8, ¶ 11.) Taken as true, these fact allegations, as well as the reasonable inferences drawn from

them, sufficiently demonstrate how Plaintiff's major life activities, including his employment, are impacted by his condition. *See DeWalt v. Davidson Serv./Air, Inc*., 398 S.W.3d 491, 499 (Mo. App. E.D. 2013) (citing MO. CODE REGS. ANN. tit. 8, § 60-3.060(1)(E)) ("'[m]ajor life activities' are those that affect employability, such as . . . employment . . . or working"); *see also* 42 U.S.C. § 12102(2) ("major life activities include . . . working" and "the operation of a major bodily function" including "functions of the . . . digestive, bowel, [and] bladder"). Plaintiff has thus pled sufficient facts to survive dismissal and SWB's motion on this point is denied.

### 2. Count VII: Failure to Accommodate

To state a claim for failure to accommodate under the ADA,[2] a plaintiff must allege facts showing: "(1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodation; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 971 (8th Cir. 2014). SWB seeks dismissal of Plaintiff's failure to accommodate claim, arguing he fails to allege any facts showing he requested accommodation for his disability or that his request was denied. Plaintiff contends he requested accommodations and SWB, instead of accommodating him, constructively terminated him.

Upon review of Plaintiff's allegations, the parties' arguments, and relevant caselaw, the Court declines to dismiss his failure to accommodate claim. Plaintiff alleges that he disclosed

---

[2] The Court notes that a plaintiff must allege facts showing both a *prima facie* case of discrimination based on disability and a failure to accommodate it. *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). "To establish a prima facie case of discrimination based on disability, [a plaintiff] must show that he '(1) is disabled within the meaning of the ADA; (2) is a qualified individual under the ADA; and (3) has suffered an adverse employment decision because of the disability.'" *Id.* (quoting *Kallail v. Alliant Energy Corp. Servs., Inc.,* 691 F.3d 925, 930 (8th Cir.2012)). Though not disputed by SWB, the Court finds Plaintiff sufficiently alleges facts showing that he plausibly suffered the prerequisite disability-based discrimination.

his MRSA-related health condition to his supervisors and notified them that, should he have a flare-up, he would have to take medication and interrupt his workday by laying down and/or making frequent trips to the restroom.  Plaintiff also alleges SWB never provided him with the additional bathroom breaks or work breaks he requested, nor did anyone from SWB ever speak with him regarding his accommodation needs or refer him to the appropriate department to seek out those accommodations.  Together, these factual allegations plausibly establish that Plaintiff requested accommodations from SWB due to his health condition and SWB did not dialogue with Plaintiff about his needs or offer him the accommodations he requested.  *See Schaffhauser*, 794 F.3d at 906 (discussing the interactive process that must take place between employer and employee to establish the need for accommodation).  The Court is not persuaded by SWB's reliance on *EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963 (8th Cir. 2014), which considered the issue at the summary judgment stage after the parties had the benefit of discovery.  At this early stage, Plaintiff's allegations are enough to survive dismissal and SWB's motion is denied.

### 3.  Count VII: Disclosure of Information

SWB argues Plaintiff's Count VII fails as a matter of law because Plaintiff self-disclosed his confidential health information and because the ADA's confidentiality protections only cover health information obtained via an employment-related medical examination or inquiry.  Plaintiff disagrees, stating the unauthorized disclosure of his private health information to his co-workers by his supervisors is the type of unauthorized disclosure the ADA is designed to prohibit.

After reviewing the parties' arguments and cited caselaw, the Court finds that Count VII should be dismissed.  SWB, in support of its argument that only information obtained through an authorized employment-related medical examination or inquiry is protected by the ADA, relies in part on *McPherson v. O'Reilly Auto., Inc.*, 491 F.3d 726 (8th Cir. 2007).  Plaintiff correctly

7

Case 6:20-cv-03373-SRB   Document 21   Filed 01/22/21   Page 7 of 11

notes that the *McPherson* Court states, "[t]he ADA prohibits an employer from disclosing confidential medical information" and requires a claimant to show "the disclosed information was confidential and that he suffered some kind of tangible injury as a result of the disclosure." *Id*. at 732. However, *McPherson* relies on *Cossette v. Minn. Power & Light*, 188 F.3d 964 (8th Cir. 1999), in which the Eighth Circuit discussed the statutory basis for the ADA's prohibition against disclosing an employee's private health information. Specifically, the *Cossette* Court noted the ADA's limitation on "the scope of information that employers may seek and disclose about their employees' medical condition" arises from 42 U.S.C. § 12112(d), which permits an employer to require or conduct medical examinations and inquiries of employees under certain circumstances. *See* 188 F.3d at 968. The Court does not find that the language of *McPherson*, which relies on *Cossette*, creates a standalone cause of action independent from § 12112(d) for the unauthorized disclosure of an employee's confidential health information.

Plaintiff does not allege in his complaint, nor argue in his briefing, that his disclosure of his medical condition resulted from SWB probing or inquiring into the matter. He also does not allege that he disclosed the information pursuant to a medical examination. Other district and appellate courts have held that the ADA does not protect an employee's voluntary disclosure of medical information outside the context of an authorized employment-related inquiry or medical examination. *See, e.g.*, *Perez v. Denver Fire Dep't,* 243 F. Supp. 3d 1186 (D. Colo. 2017), *aff'd*, 724 F. App'x 646 (10th Cir. 2018) (citations omitted) ("To assert a violation of § 12112(d), a plaintiff must prove, as a threshold matter, that the improperly disclosed information was confidential under the pertinent provisions of the ADA, *i.e.*, derived from an employment-related medical examination or inquiry."); *Sherrer v. Hamilton Cty. Bd. of Health*, 747 F. Supp. 2d 924, 931 (S.D. Ohio Sept. 24, 2010) ("The nondisclosure provisions of the ADA do not govern

8
Case 6:20-cv-03373-SRB   Document 21   Filed 01/22/21   Page 8 of 11

voluntary disclosures of medical information initiated by the employee."); *Kingston v. Ford Meter Box Co.*, 2009 WL 981333, at *10–*11 (N.D. Ind. Apr. 10, 2009) (collecting cases finding the same). Given that Plaintiff does not cite any other statutory provision of the ADA in support of his claim, nor identify a case where an employee's voluntary disclosure of health information under similar circumstances was found to be legally cognizable, dismissal is appropriate.

### 4. Count IX: Retaliation

SWB additionally argues that Plaintiff's retaliation claim is factually unsupported and should be dismissed. Plaintiff disagrees, again contending he has done enough at this stage to survive dismissal. The Court finds Plaintiff's factual allegations are sufficient at this point in the case to survive dismissal.

An ADA retaliation claim requires the claimant to allege facts plausibly showing: "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the two." *Moses*, 894 F.3d at 924 (citations, quotation marks, and alterations omitted). Plaintiff proffers sufficient factual allegations to plausibly support his claim against SWB, including his allegations that he requested accommodations due to his medical condition and, shortly after making that request, he was repeatedly harassed by his supervisor, assigned lower-quality work, given poor performance reviews, and eventually constructively discharged. Taken as a whole, these facts and the reasonable inferences drawn from them plausibly allege a retaliation claim under the ADA. *Cf. Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020) (citations and quotation marks omitted) (noting that "the simplified notice pleading standard merely requires that a complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests[.]"); *Wilson v. Arkansas Dep't of Human Servs.*, 850 F.3d 368, 373 (8th Cir. 2017). SWB's motion on this point is denied.

### B. Plaintiff's FMLA Claims: Counts X–XII

Lastly, SWB seeks dismissal of Plaintiff's FMLA claims, arguing Plaintiff is ineligible to sue under the FMLA because he was employed by SWB for less than twelve months. Plaintiff does not provide his exact dates of employment but concedes that he was employed by SWB for less than twelve months. He argues, however, that his FMLA claims should survive because his requested leave would have occurred after the twelve-month mark, when he would have been an eligible employee under the FMLA.

The Court declines to dismiss Plaintiff's FMLA claims at this stage. SWB relies on the Eighth Circuit's decision in *Hill v. Walker*, which provides that "[t]o be eligible for rights under the FMLA, an employee must have worked for [his or] her employer for at least twelve months." *Hill v. Walker*, 737 F.3d 1209, 1215 (8th Cir. 2013) (citing 29 U.S.C. § 2611(2)(A)(i)). In *Hill v. Walker*, the Eighth Circuit upheld the dismissal of the plaintiff's FMLA claims, noting that the complaint alleged that Hill had "worked for the Department from June 28, 2010, until June 20, 2011. As this period spans fewer than twelve months, Hill had no FMLA rights when she was terminated." *Id.* The *Hill* Court also acknowledged that other jurisdictions have found "that the FMLA protects pre-eligibility requests for post-eligibility leave," but went on to state that "even if the rationale of these authorities were adopted in this circuit, it would not aid Hill" because "she sought only to take leave before she was eligible[.]" *Id.* (citations omitted). In contrast to *Hill*, Plaintiff's requested leave in this case would have occurred after he became eligible.

Other courts, including a district court within the Eighth Circuit, have recognized that in certain instances, "a pre-eligible employee has a cause of action if an employer terminates [him or] her in order to avoid having to accommodate that employee with rightful FMLA leave rights once that employee becomes eligible." *Wages v. Stuart Mgmt. Corp.*, 21 F. Supp. 3d 985, 990

(D. Minn. 2014) (citing *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012)), *amended*, 2014 WL 12781226 (D. Minn. July 1, 2014), *vacated and remanded on other grounds*, 798 F.3d 675 (8th Cir. 2015); *see also, e.g.*, *Sine v. Rockhill Mennonite Home*, 275 F. Supp. 3d 538, 542–43 (E.D. Pa. 2017) ("[I]t has been recognized in this district and in other circuits that 'the FMLA regulatory scheme must necessarily protect pre-eligible employees . . . who put their employers on notice of a post-eligibility leave request.") (collecting cases finding the same); *Reynolds v. Inter–Industry Conference on Auto Collision Repair*, 594 F. Supp. 2d 925, 928–29 (N.D. Ill. 2009). In most of these cases, courts decide the issue at the summary judgment stage when the parties and the court have the benefit of discovery and can consider, among other things, whether the claimant would have likely been employed at, or beyond, the twelve-month eligibility mark. Consequently, the Court declines to dismiss Plaintiff's FMLA claims at this stage of the proceeding.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant SWB's Motion to Dismiss Counts I and IV Through XII of Amended Complaint (Doc. #12) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's Count VII is dismissed and his remaining claims survive.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: January 22, 2021